**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY AMAKER,**

                **Plaintiff,**

        **-v-**                                                **10-CV-0977A(Sr)**

**BRIAN S. FISCHER, et al.,**

                **Defendants.**

---

**REPORT, RECOMMENDATION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #11.

Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 ("RLUIPA"), against nineteen employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging: (1) sexual abuse during the course of a pat frisk on November 6, 2010 and August 21, 2011; (2) denial of personal property, *to wit*, a pair of boots, on November 6, 2010; (3) denial of participation in Nation of Islam services; (4) denial of breakfast and lunch and issuance of a misbehavior report on November 29, 2010 for using his hair rather than a rubberband to secure his dreadlocks in a ponytail; (5) transfer to the Attica Correctional Facility in retaliation for a prior lawsuit regarding plaintiff's dreadlocks; (6) denial of

several meals while housed in D-block; (7) denial of access to the law library, resulting in the dismissal of an appeal in February of 2011; (8) denial of adequate medical care and violation of medical confidentiality on February 4, 2011; (9) interference with legal mail received on August 17, 2011, November 17, 2011 and January 30, 2012 and refusal to mail legal documents on July 7, 2011 and November 18, 2011; (10) retaliatory cell search on September 1, 2011; (11) denial of water and plumbing in cell for several days commencing November 1, 2011; (12) denial of breakfast on November 1, 2011; (13) fabricated misbehavior report dated November 11, 2011 and denial of due process in subsequent disciplinary hearing; (14) denial of electricity in cell on November 17, 2011; (15) denial of hot water since July 7, 2011; (16) removal from the list of inmates receiving a medically prescribed diet from November 17, 2011 to November 30, 2011; and (17) denial of medically prescribed food and showers on February 15, 2012.

Currently before the Court are plaintiff's motions for a preliminary injunction seeking to enjoin defendants from depriving plaintiff of food, light, plumbing, personal hygiene, a medically prescribed diet and vitamin D supplements; retaliating, intimidating and harassing plaintiff because of his pending and prior lawsuits; hindering plaintiff's access to the courts; confiscating legal documents; interfering with and reading plaintiff's legal mail; sexually abusing and physically assaulting plaintiff; depriving plaintiff of his exercise of religion; and generally violating plaintiff's constitutional rights. Dkt. ##26 & 35. In support of the motions, plaintiff submits affidavits repeating his claims of constitutional violations. Dkt. ##26 & 35.

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167-68 (W.D.N.Y. 1997), *citing Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994).

"The purpose of a preliminary injunction is to prevent irreparable injury and preserve a court's ability to render a meaningful decision on the merits." *Johnson v. Newport Lorillard*, No. 01 Civ. 9587, 2003 WL 169797 at *1 (S.D.N.Y. Jan. 23, 2003). In most cases, a party seeking to obtain a preliminary injunction must establish that he will suffer irreparable harm in the absence of an injunction and demonstrate either: (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). "Where a moving party challenges government action taken in the public interest pursuant to a statutory or regulatory scheme, however, the moving party cannot resort to the fair ground for litigation standard, but is required to demonstrate irreparable harm and a likelihood of success on the merits." *Id.* (internal quotations omitted). In addition, where an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act – the moving party must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from a denial of the

injunction. *Phillip v. Fairfield University*, 118 F.3d 131, 133 (2d Cir. 1997). "This heightened standard is also required where the issuance of the injunction would provide the movant with substantially all the relief he or she seeks and where the relief could not then be undone, even if the non-moving party later prevails at trial." *Id.*

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly*, 76 F.3d at 482. However, the moving party must establish that without the preliminary injunction, he will suffer an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Murray v. New York*, 604 F. Supp.2d 581, 584 (W.D.N.Y. 2009). As a result, a finding of irreparable harm cannot be based solely upon past conduct. *Watson v. Wright*, No. 08-CV-960, 2010 WL 2431068, at *2 (W.D.N.Y. March 10, 2010); *Garcia v. Arevalo*, No. 93 CIV 8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) (court cannot find likelihood of future harm based solely on past, illegal conduct – bare allegation of irreparable harm from future beatings by correctional officers insufficient to demonstrate real threat of actual injury). As plaintiff seeks injunctive relief based solely upon allegations of past injury, he has not demonstrated irreparable harm.

In any event, plaintiff's bare allegations of constitutional violations are insufficient to demonstrate a likelihood of success on the merits. *See Conti v. Goord*, 59 Fed. Appx. 434, 2003 WL 1228033 (2d Cir. 2003) (affirming denial of preliminary injunction seeking specific medical treatment when district court had no evidence

before it to support a finding of deliberate indifference); *Purdie v. Supervisor,* No. 09-CV-951, 2010 WL 148639, at *4 (N.D.N.Y. Jan. 13, 2010) (plaintiff failed to submit proof or evidence to demonstrate a likelihood of success on the merits; plaintiff's affidavit requesting injunctive relief was insufficient); *Phelan v. Sullivan*, No. 5:10-CV-724, 2011 WL 2118696, *4 (N.D.N.Y. May 24, 2011) ("plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief.").

Accordingly, it is recommended that plaintiff's motions for a preliminary injunction (Dkt. ##26 & 35), be denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

        **SO ORDERED.**

DATED:    Buffalo, New York
               September 28, 2012

                        *s/ H. Kenneth Schroeder, Jr.*
                        H. KENNETH SCHROEDER, JR.
                        United States Magistrate Judge