**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY AMAKER,**

                **Plaintiff,**

        **-v-**                                                  **10-CV-0977A(Sr)**

**BRIAN S. FISCHER, et al.,**

                **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #11.

Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 ("RLUIPA"), against nineteen employees of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), alleging: (1) sexual abuse during the course of a pat frisk on November 6, 2010 and August 21, 2011; (2) denial of personal property, *to wit*, a pair of boots, on November 6, 2010; (3) denial of participation in Nation of Islam services; (4) denial of breakfast and lunch and issuance of a misbehavior report on November 29, 2010 for using his hair rather than a rubberband to secure his dreadlocks in a ponytail; (5) transfer to the Attica Correctional Facility in retaliation for a prior lawsuit regarding plaintiff's dreadlocks; (6) denial of

several meals while housed in D-block; (7) denial of access to the law library, resulting in the dismissal of an appeal in February of 2011; (8) denial of adequate medical care and violation of medical confidentiality on February 4, 2011; (9) interference with legal mail received on August 17, 2011, November 17, 2011 and January 30, 2012 and refusal to mail legal documents on July 7, 2011 and November 18, 2011; (10) retaliatory cell search on September 1, 2011; (11) denial of water and plumbing in cell for several days commencing November 1, 2011; (12) denial of breakfast on November 1, 2011; (13) fabricated misbehavior report dated November 11, 2011 and denial of due process in subsequent disciplinary hearing; (14) denial of electricity in cell on November 17, 2011; (15) denial of hot water since July 7, 2011; (16) removal from the list of inmates receiving a medically prescribed diet from November 17, 2011 to November 30, 2011; and (17) denial of medically prescribed food and showers on February 15, 2012.

Currently before the Court is plaintiff's motion for a preliminary injunction and temporary restraining order preventing defendants from altering their policy regarding the breaking of the fast during the Ramadan. Dkt. #36. Specifically, plaintiff seeks to enjoin defendants from preventing plaintiff, and other Nation of Islam members, from using personal bowls and cups with lids to take food back to their cells for consumption from sun down to sun up during Ramadan. Dkt. #38. The prior policy provided as follows:

> A. At the commencement of Ramadan and for the time of its duration (between 29-30 days), N.O.I. participants are expected to report to the A-mess hall,

> each evening. They will participate in reading of the
> Holy Qur'an, N.O.I. classes, and studies, break their
> fast, offer the Mahgrib prayer (sunset prayer) and eat
> their evening meal, Thereafter, they will perform Isha
> prayers. This program is an immutable program for
> the duration of Ramadan.
>
> B. Participants will be allowed to take their religious
> materials to the mess hall (i.e. Qur'ans, Books, and
> food to break their fast.
>
> C. Inmates will be allowed to bring their plastic bowls,
> containers and thermoses to the mess hall inside Net
> bags or Green commissary neg bag.
>
> D. Scheduled commissary buys will be made from the
> mess hall. These men will return to the mess hall
> with their commissary bags.

Dkt. #38, p.7. Plaintiff alleges that on June 6, 2012, it was announced that plastic bowls, containers and thermoses would not be allowed in the mess hall and that food would not be allowed to be taken from the mess hall to inmates' cells. Dkt. #39, p.2. Plaintiff complains that this is a violation of his First Amendment rights and a violation of RLUIPA. Dkt. #39, p.2. Plaintiff filed this motion on July 18, 2012. Dkt. #36. Ramadan commenced on July 20, 2012. Dkt. #41-1, ¶ 10.

In opposition to the motion, defendants deny that they have substantially burdened plaintiff's religious practice and declare that observant inmates

> were provided with adequate nutrition during the Ramadan
> celebration, as well as sufficient time in which to break their
> fast and engage in evening prayers. Specifically, all
> observant inmates are provided with a "Sahor" bag, which
> contained substantial amounts of food, and are intended to
> be taken to the cell and eaten prior to sun up. Further,
> observant inmates are allowed to return from the evening
> meal with the same types and amounts of food which

> general population inmates are allowed to take to their cells,
> and in addition, are allowed to access commissary and take
> commissary food back to their cells as well. Contrary to the
> plaintiff's assertions, observant inmates are given much
> more than one hour to consume their evening meals, which
> are, again, substantial . . . . Observant inmates are taken
> from their programs an hour before sunset, and as take [sic]
> to the mess halls for evening services by 8:30 p.m.  They
> begin eating at sundown, and are not taken back to their
> cells until at least 10:15 p.m.  This provides adequate time
> for observant inmates to break their fast.

Dkt. #41, pp.4-5 (internal citations omitted).  Defendants agree that "the practice of allowing inmates to bring plastic bowls, containers and thermoses to the mess halls for evening services was allowed in prior years and discontinued this year," but argues that this "was done to address safety and hygiene concerns which arose from observant inmates returning to their cells with amounts of food which they could not possibly consume by themselves, and which was being sold and given away," raising security issues.  Dkt. #41, p.5.  A copy of the updated policy, dated June 8, 2012, reveals that paragraph C was removed from the prior policy, and remains otherwise unchanged.  Dkt. #41-1, p.20.

       As to the procedural posture of plaintiff's motion, defendant's argue that it is improper for plaintiff to seek injunctive relief regarding conditions which are completely unrelated to the issues set forth in this lawsuit.  Dkt. #41, p.6.  The Court agrees. Should plaintiff wish to challenge the alteration in policy regarding Ramadan or allege that he was prevented from properly observing Ramadan, as he appears to assert in his reply papers (Dkt. #50), he must commence a new lawsuit against those individuals personally involved in the alteration and implementation of the policy

regarding Ramadan and satisfy the requirements of the Prisoner Litigation Reform Act with respect to exhaustion, as well as the requirements of 28 U.S.C. § 1915(e)(2) should he seek to proceed *in forma pauperis*. Accordingly, it is recommended that plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. #36), be denied.

        **SO ORDERED.**

**DATED:**    **Buffalo, New York**
               **September 27, 2013**

                                                **s/ H. Kenneth Schroeder, Jr.**
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**